UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY HEBERT on Behalf of Himself and on Behalf of All Others Similarly Situated,<br>  Plaintiff,<br><br>v.<br><br>BEDROCK PETROLEUM CONSULTANTS, LLC,<br>  Defendant. | §§§§§§§§§§§ | CIVIL ACTION NO. : _____<br><br><br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT,
COLLECTIVE ACTION & JURY DEMAND

### I. SUMMARY

1. Plaintiff Jimmy Hebert and the employees he seeks to represent ("Class Members") are current and former employees paid on a day rate basis by Defendant Bedrock Petroleum Consultants, LLC ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for their overtime hours based on the time and half formula under the Fair Labor Standards Act ("FLSA").

2. Defendant violated the FLSA by paying the Plaintiff and Class Members on a day rate basis without overtime and by misclassifying these workers as independent contractors instead of employees.

3. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

4. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and many of the wrongs alleged herein took place in this District.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Jimmy Hebert is an individual currently residing in Lafayette Parish, Louisiana. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9. The Class Members are all workers employed by Defendant in the last three years to the present who were paid on a day rate basis.

10. Defendant Bedrock Petroleum Consultants, LLC is a limited liability company organized under the law of Texas that may be served through its registered agent CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

11. Defendant is headquartered in Lafayette, Louisiana.

## IV.   FACTS

12. Defendant Bedrock Petroleum Consultants, LLC is an oilfield services company that provides staffing services whereby Defendant places its employees to work with its customers on their projects.

13. Plaintiff Hebert worked for Defendant from approximately June of 2014 to June of 2016. During this period, Plaintiff held the job title "completions consultant."

14. A completions consultant is responsible for monitoring the drilling completions and workover of oil and gas wells on behalf of the company that operates the well.

15. While working for Defendant, Defendant assigned Plaintiff to work for various drilling companies across Louisiana.

16. While working for these companies, Plaintiff remained subject to the operational control of Defendant.

17. Defendant hired Plaintiff and retained the ability to terminate his employment, just as a normal at-will employee.

18. Defendant informed Plaintiff which drilling companies he would be working for during his employment.

19. Defendant determined Plaintiff's rate of payment and paid him a non-negotiable rate of payment for each day worked.

20. Defendant required that Plaintiff submit his timesheets on a weekly basis and remitted payment to Plaintiff from its operating account based on the number of days worked on those timesheets.

21. Defendant maintained employment records on Plaintiff, including his personnel file and tax information.

22. The relationship between Defendant and other employees, including other completions consultants, is much the same as the relationship between Defendant and Plaintiff. Defendant hires those employees, arranges work assignments for those employees, pays those employees a non-negotiable day rate it sets, requires those workers submit weekly time sheets, and maintains their personnel files.

23. As with Plaintiff, Defendant assigns these other day rate paid employees to its customers.

24. If a customer terminates a well site supervisor/completions consultant, that individual remains employed by Defendant, who then places him with another customer.

25. Defendant failed to pay Plaintiff and the Class Members overtime for their hours worked in excess of 40 every week.

26. Under 29 C.F.R. § 778.112, an employee paid on a day rate basis must be paid overtime as follows:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

27. Plaintiff regularly worked more than 40 hours in a week.

28. However, Defendant did not pay overtime to Plaintiff at all.

29. Additionally, just like Plaintiff, the Class Members were paid on a day rate basis.

30. Moreover, the Class Members regularly worked more than 40 hours in a week.

31. Further, the Class Members also did not receive overtime pay.

32. The Plaintiff and Class Members are not exempt from the overtime requirements of the FLSA. In fact, none of the white collar exemptions found in 29 U.S.C. § 213(a)(1) could

apply to Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under that section because they were paid a day rate.

33. None of the other FLSA overtime exemptions are applicable to the Plaintiff or the Class Members.

34. Defendant justifies the non-payment of overtime, despite the fact that Plaintiff and the Class Members are paid on a day rate basis, by classifying Plaintiff and the Class Members as independent contractors. However, as a matter of economic reality, Plaintiff and Class Members are employees of Defendant, not independent contractors.

35. Plaintiff and the Class Members are not in business for themselves. They do not advertise their services, employ their own workers, own their own equipment, or execute independent business contracts with drilling companies.

36. Defendant is an oil field services company and the labor provided by Plaintiff and the Class Members is part and parcel of the package of services Defendant offers its clients. Accordingly, the work of Plaintiff and the Class Members is an integral part of Defendants business.

37. A substantial portion of Defendant's revenue is derived from the work performed by Plaintiff and the Class Members.

38. Plaintiff and the Class Members have no opportunity for profit or loss based on their managerial skills. Plaintiff and the Class Members make no decisions related to hiring their own employees, purchasing material and equipment, advertising, renting office space, or managing time tables. Instead, like a normal employee paid by the hour or by the day, the only way Plaintiff and Class Members could make additional income is to work a larger amount of time.

39. Plaintiff and the Class Members make virtually no investment that would suggest they are independent contractors. All they bring to the job site is themselves, all the equipment necessary to perform their work is provided by Defendant's customers. Comparatively, Defendant makes substantial investment in its business, including hiring employees and paying rent, advertising, operating expenses, and labor costs typically associated with running a business.

40. Defendant advertises for new consultants by offering to provide them with fire resistant clothing.

41. Defendant also advertises that it pays for the enrollment in various operator site compliance requirements for its consultants.

42. Like a normal employer, Defendant covers its consultants with its workers compensation insurance policy.

43. Plaintiff and the Class Members are skilled workers, chosen for the job of a completions consultant because of their experience in the oil and gas industry. However, their skills are not indicative of independent contractor status because those skills are technical and used to perform the work. Their skills are not business skills that require judgment and initiative to make business decisions.

44. The length of the relationship between Plaintiff and the Class Members on the one hand and Defendant on the other was permanent and indefinite. For example, Plaintiff worked for Defendant for over a year and during this time, Plaintiff was dependent on Defendant for his continued employment and livelihood.

45. Defendant advertises the length of the working relationship as a perk of signing on as a consultant. As its webpage provides "Job Security—We have a vast client list, over 130

Master Service Agreements throughout the U.S. and growing weekly . . . we leave no stone unturned when searching for the next opportunity for our consultants."

46. Defendant does not hire Plaintiff and the Class Members on a temporary basis or for a single project. Instead, it hires with the intention that a completions consult will be staffed to multiple companies over a long period of time. Essentially, Plaintiff and the Class Members, like normal employees, work until they quit or are terminated.

47. Defendant also controlled the work of Plaintiff and the Class Members by assigning them to Defendant's customers.

48. As a matter of economic reality, Plaintiff and the Class Members were economically dependent on Defendant for their continued employment.

49. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not employees.

50. Defendant classified its employees as independent contractors to avoid its obligations to pay its employees pursuant to the FLSA as well as reap other benefits of such illegal classification, such as reduced tax liability, the nonpayment of worker's compensation insurance, and to pass on Defendant's own operational costs to its workforce.

51. However, at all times, Plaintiff and the Class Members and other similarly situated workers were employees of Defendant.

## V. CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

52. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

53. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation based on the FLSA's time-and-a-half formula.

54. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

55. By failing to pay overtime based on that formula, Defendant violated and continues to violate the FLSA.

56. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant, Plaintiff, or Class Members.

57. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VI. COLLECTIVE ACTION ALLEGATIONS

58. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

59. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and paid on a day rate basis within the three (3) years preceding the filing of this complaint to the present.

60. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

61. Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff's knowledge stems from his lengthy employment tenure with Defendant.

62. Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

63. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

64. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

65. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

66. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

67. Class Members are not exempt from receiving overtime pay under the FLSA.

68. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

69. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, and text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

70. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

71. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

72. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former workers paid on a day rate basis during the three years before the date of the filing of this Complaint to the present.**

### VII.  WAGE DAMAGES SOUGHT

73. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

74. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

75. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

### VIII.  JURY DEMAND

76. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## IX. PRAYER FOR RELIEF

77. For these reasons, Plaintiff, on behalf of himself and on behalf of the Class Members, respectfully request that judgment be entered awarding the following relief in the favor of Plaintiff and the Class Members:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560 (will apply for admission *pro hac vice*)
Beatriz-Sosa Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154 (will apply for admission *pro hac vice*)
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**AND**


By: */s/ Robert B. Landry, III*
Robert B. Landry, III (18998)
**Robert B. Landry III PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana 70808
Office: (225) 349-7460
Facsimile: (225) 349-7466
rlandry@landryfirm.com

**Attorneys for Plaintiff and Class Members**